UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-mj-03259-LFL
Case No. 26-mj-03260-LFL

IN THE MATTER OF EXTRADITION OF
TRISTAN TATE
_______________________________________/

IN THE MATTER OF EXTRADITION OF
EMORY ANDREW TATE
_______________________________________/

**DECLARATION OF JOSEPH MCBRIDE PURSUANT TO 28 U.S.C. § 1746**

I, Joseph McBride, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

## I. INTRODUCTION

1. I am an attorney admitted to practice in the State of New York, the United States District Courts for the Southern, Eastern, and Western Districts of New York, and the United States District Court for the District of Columbia. I am admitted pro hac vice in these proceedings.

2. I am counsel to Andrew Tate and Tristan Tate and have represented them continuously since March 2023.

3. I submit this declaration in support of Andrew Tate's and Tristan Tate's Motions for Release Pending Extradition Proceedings and their Consolidated Reply in support of those motions.

4. I make this declaration from my personal knowledge. When I describe a document attached as an exhibit, the description is based on my receipt, review, or

transmission of that document while representing Andrew Tate or Tristan Tate, and the attached copy is a true and correct copy of the document I received or sent.

5. This declaration addresses four episodes of legal or investigative process in the United States: a grand-jury subpoena issued in the Southern District of New York concerning an account associated with Andrew Tate; a February 2025 federal border and device-seizure event involving Andrew Tate and Tristan Tate; a Los Angeles County criminal referral concerning Andrew Tate; and an investigation by the Florida Office of Statewide Prosecution concerning Andrew Tate and Tristan Tate. I describe the response of counsel to each matter and the charging status known to me as of the date I execute this declaration.

## II. THE SOUTHERN DISTRICT OF NEW YORK — GRAND-JURY PROCESS

6. On January 7, 2025, Andrew Tate forwarded to me a notice from Google LLC stating that Google had received legal process concerning an account associated with him. Until that communication, neither Andrew Tate nor I knew of the process.

7. On January 30, 2025, I obtained a copy of the process. It is a grand-jury subpoena issued by the United States District Court for the Southern District of New York, dated January 17, 2023, and directed to Google LLC. It commands production of records associated with the account emoryatate@gmail.com for the period January 1, 2018 through the date of production and identifies January 31, 2023 at 10:00 a.m. as the appearance date. The subpoena is accompanied by a rider and by a nondisclosure order entered under 18 U.S.C. § 2705(b), Case No. 23 MAG 319. A true and correct composite copy of the subpoena, rider, and order is attached as Exhibit A.

8. After learning of the subpoena, I attempted repeatedly to contact the Assistant United States Attorney responsible for the matter. Between January and

April 2025, I placed numerous calls to the United States Attorney's Office for the Southern District of New York. I last spoke with Jacqueline Kelly of that office on April 7, 2025.

9. During those communications, and after Andrew Tate entered the United States in February 2025, I offered to bring Andrew Tate to the United States Attorney's Office for a proffer. The offer was not accepted, no interview was scheduled, and I did not withdraw the offer.

10. The United States Attorney's Office did not disclose to me the nature, scope, subject, or status of the matter. As of the date I execute this declaration, I am not aware of any charge filed against Andrew Tate or Tristan Tate in the Southern District of New York arising from that process.

## III. THE FEBRUARY 2025 FEDERAL BORDER AND DEVICE-SEIZURE EVENT

11. On February 27, 2025, Andrew Tate and Tristan Tate entered the United States at Fort Lauderdale, Florida, using their United States passports. On that date, I was informed that federal officers had taken possession of their electronic devices during the entry process.

12. I contacted federal authorities about the devices. On March 6, 2025, I wrote to Robert Hammer. On March 10, 2025, I received a written response from Kenneth A. Holmes of Homeland Security Investigations asserting federal border-search authority.

13. My co-counsel and I thereafter sought further information by telephone. No further explanation was provided. As of the date I execute this declaration, I am not aware of any charge filed against Andrew Tate or Tristan Tate arising from the February 27, 2025, entry or the device seizure.

## IV. LOS ANGELES COUNTY — CRIMINAL REFERRAL

14. In 2025, a criminal referral concerning Andrew Tate was submitted to authorities in Los Angeles County, California. I retained Jason Koch, Esq., as California counsel for Andrew Tate. Mr. Koch's declaration addresses the particulars of the California proceedings.

15. On June 27, 2025, the Los Angeles County District Attorney's Office issued a written charge evaluation. The document identifies Andrew Tate, Beverly Hills Police Department DR No. 2514843, District Attorney Case No. 45352119, and California Penal Code § 273.5(a). It states that the District Attorney's Office declined to file charges against Andrew Tate arising from that Beverly Hills Police Department report. A true and correct copy is attached as Exhibit B.

16. I describe the document for that limited proposition. As of the date I execute this declaration, I am not aware of any criminal charge filed against Andrew Tate arising from that Los Angeles County referral.

## V. FLORIDA OFFICE OF STATEWIDE PROSECUTION

17. In April 2025, the Florida Office of Statewide Prosecution opened an investigation concerning Andrew Tate and Tristan Tate in connection with information provided to the Florida Department of Law Enforcement. The Attorney General's civil attorneys also sought to intervene in the Tates' pending Palm Beach County civil action to obtain access to sealed materials.

18. On May 2, 2025, Special Counsel Rita Pavan Peters wrote to counsel that she appreciated our willingness to cooperate, had a duty to review potential exculpatory information, and would conduct a complete review before deciding. On May 8, 2025, counsel and Ms. Peters agreed to stay the civil action for sixty days to allow time for the investigation. Ms. Peters then advised that she would make an internal note and tell the Attorney General's civil attorneys to hold off on the motion to intervene.

19. On June 13, 2025, without a subpoena or other compulsory process, counsel transmitted a defense submission to the Office of Statewide Prosecution. I do not attach that substantive submission because it contains confidential attorney work product and defense materials.

20. From May through October 2025, my co-counsel and I communicated with Ms. Peters concerning the investigation and with Assistant Attorney General James Waczewski and other civil attorneys concerning the proposed intervention. We supplied information and records in response to those communications without requiring compulsory process.

21. During a telephone call on September 25, 2025, Ms. Peters informed Attorney Thomas Maniotis and me that the investigation had concluded. Her statement left no ambiguity. I requested a declination letter and informed Ms. Peters that I would inform Judge Curley of our conversation regarding the investigation's closure. Ms. Peters indicated that a declination letter could follow a final review and did not object to my speaking with Judge Curley.

22. Then, on October 16 and 17, 2025, Ms. Peters clarified in writing that the investigation could not then be closed because subpoenas and FDLE investigative items remained outstanding.

23. In her October 17, 2025, email, Ms. Peters wrote: "I also appreciate you and your clients being cooperative with us and providing us information to consider in this investigation." She also wrote that she did not suspect charges were imminent, that the Office did not then intend to intervene in the civil case, that she could not confirm a final charging decision, that FDLE's investigation remained pending, and that she would provide a declination letter "if and when that is the final resolution."

24. A true and correct composite copy of the relevant May and October 2025 correspondence with Ms. Peters and the Attorney General's civil attorneys is attached as Exhibit C.

25. No formal declination letter has been provided to me. I therefore do not represent that the Florida matter was formally closed. As of the date I execute this declaration, however, I am not aware of any Florida criminal charge filed against Andrew Tate or Tristan Tate arising from that investigation.

26. While the Florida matter remained known to them, Andrew Tate and Tristan Tate traveled to Florida on multiple occasions in 2026, including in January, April, and July, and continued to participate through counsel in the Palm Beach County civil action they had filed.

## VI. SUMMARY

27. The Southern District of New York and Los Angeles County matters described above concerned Andrew Tate. The February 2025 border event and the Florida Office of Statewide Prosecution matter involved Andrew Tate and Tristan Tate. Upon learning of each matter, counsel contacted the relevant American authority and did not advise either client to avoid the process.

28. In the Southern District of New York matter, I offered to present Andrew Tate for a proffer. In the Florida matter, counsel voluntarily supplied information and the Tates agreed to pause their own civil action for sixty days to accommodate the investigation. In the Los Angeles County matter, the District Attorney's Office issued a written decision declining to file charges arising from the identified Beverly Hills Police Department report.

29. As of the date I execute this declaration, I am not aware of any criminal charge filed in the United States against Andrew Tate or Tristan Tate arising from any of the four matters described above. I do not offer an opinion about the present status of any matter beyond the documents and communications described in this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2026, at Miami, Florida.

s/ Joseph McBride

**JOSEPH MCBRIDE, ESQ.**
Counsel for Andrew Tate and Tristan Tate

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# EXHIBIT A

Southern District of New York Grand-Jury Subpoena, Rider, and Nondisclosure Order

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

TO: Google LLC
1600 Amphitheatre Parkway
Mountain View, CA 94043

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 40 Foley Square, Room 220, in the Borough of Manhattan, City of New York, in the Southern District of New York, at the following date, time and place:

Appearance Date: January 31, 2023 Appearance Time: 10:00 a.m.

to testify and give evidence in regard to an alleged violation of federal criminal law, and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

**SEE ATTACHED RIDER.**

Personal appearance is not required if the requested documents are: (1) produced on or before the return date listed above to [redacted]; and (2) accompanied by an executed copy of the attached Declaration of Custodian of Records. If you have any questions, please contact [redacted]

**PLEASE PRODUCE RECORDS IN ELECTRONIC FORMAT.**

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: New York, New York
January 17, 2023

[redacted]

rev. 02.01.12

**RIDER**
**Grand Jury Subpoena to Google LLC dated January 17, 2023**
**(USAO Reference No. 2022R01516)**

**RETURN DATE: January 31, 2023**

**WARNING: Pursuant to the accompanying non-disclosure order issued under 18 U.S.C. § 2705(b), you are prohibited from notifying any subscriber or other third party of the existence of this subpoena for a period of one year from the date of the order.**

For the following identifier(s), as well as any other accounts associated with the owner of the accounts:

[redacted]

[redacted]

Please provide the following, for the time period **from January 1, 2018 to the present**

1. All subscriber identifying information, including, but not limited to:
   a. name
   b. username or other subscriber identity or number
   c. address
   d. primary and alternate telephone numbers
   e. primary and alternate email addresses
   f. date of birth
   g. social security number
   h. any temporarily assigned network address
   i. MAC address
   j. Browser and operating system information

2. Records of session times and durations and any IP addresses used by the subscriber at the beginning, end, and at any time during these sessions;

3. Length of service (including start date) and types of service utilized;

4. Means and source of payment for services (including any credit card or bank account number);

5. Account notes and logs, including any customer-service communications or other correspondence with the subscriber; and

6. Investigative files or user complaints concerning the subscriber.

## NON-DISCLOSURE

Pursuant to the accompanying non-disclosure order issued under 18 U.S.C. § 2705(b), you are prohibited from notifying any subscriber or other third party of the existence of this subpoena for a period of one year from the date of the order.

## INSTRUCTIONS FOR PRODUCTION

Personal appearance is not required if the requested documents are: (1) produced on or before the return date listed above to [redacted] ; and (2) accompanied by an executed copy of the attached Declaration of Custodian of Records. If you have any questions, please contact [redacted].

**PLEASE PRODUCE RECORDS IN ELECTRONIC FORMAT.**

# 23 MAG 319

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re Subpoenas to Electronic Communication Service Providers and Remote Computing Service Providers in Criminal Investigation Assigned USAO No. 2022R01516

**22 Mag. _____**

**§ 2705(b)**
**Non-Disclosure Order to Provider**

**SEALED**

Upon the application of the United States pursuant to 18 U.S.C. § 2705(b):

1. The Court hereby determines that there is reason to believe that notification of the existence of the attached subpoena issued in the above-referenced investigation bearing U.S. Attorney's Office ("USAO") number2022R01516 (the "Subpoena") will result in the following consequences, namely, flight from prosecution; destruction of or tampering with evidence; and/or otherwise seriously jeopardizing an investigation.

Accordingly, it is hereby ORDERED:

2. The electronic communications service and/or remote computing service provider (the "Provider") to whom the attached Subpoena is directed shall not, for a period of one year from the date of this Order (and any extensions thereof), disclose the existence of this Order or the attached Subpoena to the listed subscriber of the account(s) referenced in the Subpoena, or to any other person, except that the Provider may disclose the attached Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

3. This Order and the Application upon which it was granted are to be filed under seal until otherwise ordered by the Court, except that the Government may without further order serve a copy of this Order on any applicable Provider, provide copies of the Application and Order as need be to personnel assisting the Government in the investigation and prosecution of this matter, and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York
January 12, 2023

[redacted]
_______________________________
[redacted]
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# EXHIBIT B

Los Angeles County District Attorney
Charge Evaluation Dated June 27, 2025

**LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE**
**BUREAU OF SPECIALIZED PROSECUTIONS**
**FAMILY VIOLENCE DIVISION**

NATHAN HOCHMAN • District Attorney
STEVEN KATZ • Chief Deputy District Attorney
MARIA RAMIREZ • Assistant District Attorney

JOHN MCKINNEY • Director

June 27, 2025

To Whom It May Concern:

| | | |
|---|---|---|
| RE: | Subject: | EMORY ANDREW TATE |
| | DOB: | [redacted] |
| | Arrest Date: | N/A |
| | Charges: | PC273.5(A) |
| | Arresting Agency: | BEVERLY HILLS PD |
| | Booking No.: | N/A |
| | DR No.: | 2514843 |
| | DA Case No.: | 45352119 |

A search of the Los Angeles County District Attorney's Office database reveals that on 06/27/2025, our office declined to file charges against EMORY ANDREW TATE for the police report filed with the BEVERLY HILLS PD.

If you have further inquiries, please feel free to contact our office at (310) 727-6500.

Very truly yours,

NATHAN HOCHMAN
District Attorney

By *Anya Artan*

ANYA CLARICE ARTAN
Deputy District Attorney
Airport Court FVD

11701 S LA CIENEGA BOULEVARD
LOS ANGELES CA 90045
(310) 727-6500
Fax: (310) 727-0565

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# EXHIBIT C

Florida Office of Statewide Prosecution and
Office of the Attorney General Correspondence

Exhibit to the Declaration of Joseph McBride

EQUITY LEGAL

Pamela Warren Calvert <pcalvert@equitylegal.net>

## Re: Criminal Investigation Tate

5 messages

**Thomas Maniotis** <tamaniotis@equitylegal.net> Fri, May 2, 2025 at 2:01 PM
To: Rita Peters [redacted]
Cc: Julie Chaikin <[redacted]>, James Waczewski [redacted], John Bajger [redacted]>, Joseph McBride <jmcbride@mcbridelawnyc.com>, Pamela Warren Calvert <pcalvert@equitylegal.net>

Good afternoon Ms. Peters,

Thank you for reaching out to me. We would certainly like to provide you with a Do Not Prosecute Package. However, Joseph McBride, another attorney for Andrew Tate and Tristan Tate, is currently abroad and we will need some time to put that package together for your office.

I have also copied Mr. McBride on this email for future correspondence. I look forward to speaking with you.

Sincerely,

Thomas Maniotis

On Fri, May 2, 2025 at 1:21 PM Rita Peters <[redacted] wrote:

> Good afternoon, Mr. Maniotis:
>
> I have been forwarded a letter you provided to our civil litigation unit in response to their proposed filing of a Motion to Intervene in a matter in which you represent the Plaintiffs. As mentioned in my affidavit attached in support of the motion, I am the Special Counsel assigned to this matter. I appreciate your willingness to cooperate, and it is my duty to review any potential exculpatory information. If you wish for me to consider that, please forward to my attention.
>
> I have made no determination as to the guilt or innocence of your clients, but I am following up on information provided to the Florida Department of Law Enforcement. Should you have specific questions, please feel free to contact me. I will gladly return your call. Admittedly because of my court schedule, it may be easier to e-mail me as I check that all day.
>
> I look forward to speaking with you in the future,
>
> Rita Pavan Peters
>
> Special Counsel, Statewide Prosecution - Tampa
>
> Office of the Attorney General
>
> Office of Statewide Prosecution
>
> 3507 E. Frontage Rd, Suite 200
>
> Concourse Center 4
>
> Tampa, Florida 33607
>
> 813-287-7960

--

EQUITY LEGAL
Thomas Maniotis, Esq.
Managing Attorney
P: +1-305-629-3219 | D: +1-305-204-1126 | F: +1-321-988-0238 |
E: tamaniotis@equitylegal.net | A: 5201 Blue Lagoon Drive, Floor 8, Miami, FL 33126 | W: equitylegalfirm.com

CONFIDENTIALITY NOTICE: THIS EMAIL, INCLUDING ATTACHMENTS HERETO, IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 18 U.S.C., SECTIONS 2510-2521, AND IS LEGALLY PRIVILEGED. THIS ELECTRONIC MESSAGE IS INTENDED TO BE REVIEWED ONLY BY THE INDIVIDUAL OR ORGANIZATION NAMED ABOVE. UNAUTHORIZED REVIEW, USE, DISCLOSURE OR DISTRIBUTION IS STRICTLY PROHIBITED. THIS EMAIL MAY ALSO BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR THE ATTORNEY WORK PRODUCT PRIVILEGE OR BE OTHERWISE CONFIDENTIAL. ANY DISSEMINATION, COPYING OR USE OF THIS EMAIL BY OR TO ANYONE OTHER THAN THE DESIGNATED AND INTENDED RECIPIENT(S) IS UNAUTHORIZED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM IMMEDIATELY AND NOTIFY OUR OFFICE IMMEDIATELY. THANK YOU.

**Rita Peters** [redacted] Fri, May 2, 2025 at 2:06 PM
To: Thomas Maniotis <tamaniotis@equitylegal.net>
Cc: Joseph McBride <jmcbride@mcbridelawnyc.com>, Pamela Warren Calvert <pcalvert@equitylegal.net>

Thank you. Our office will do a complete review and not rush to a decision, so feel free to send when the time works out for all counsel. No decision will be made before.

Have a great weekend.

[Quoted text hidden]

---

**Thomas Maniotis** <tamaniotis@equitylegal.net> Mon, May 5, 2025 at 12:19 PM
To: Rita Peters [redacted]>
Cc: Joseph McBride <jmcbride@mcbridelawnyc.com>, Pamela Warren Calvert <pcalvert@equitylegal.net>

Good afternoon Ms. Peters,

Thank you for the information and I hope you had a good weekend as well. We will be providing a package to your office as soon as possible. I have also sent James Waczewski additional information regarding the Motion to Intervene. I assume he will forward that correspondence to you, as he did with the last correspondence, but please let me know if you would like a copy.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Thomas Maniotis

[Quoted text hidden]

---

**Thomas Maniotis** <tamaniotis@equitylegal.net> Thu, May 8, 2025 at 1:08 PM
To: Rita Peters [redacted]m>
Cc: Joseph McBride <jmcbride@mcbridelawnyc.com>, Pamela Warren Calvert <pcalvert@equitylegal.net>

Good afternoon Ms. Peters,

Thank you for taking our call today. It was a pleasure speaking with you.

I am writing to memorialize our conversation, wherein we agreed to stay the civil case for 60 days, to preserve a period of time for your office to complete its investigation, which, in turn, renders the Attorney General's need to file a Motion to Intervene, moot.

We, of course, will submit a Do Not Prosecute Package in the near future, and help facilitate your investigation as much as possible.

Absolute Best Regards,

Thomas Maniotis

EQUITY LEGAL
Thomas Maniotis, Esq.
Managing Attorney
P: +1-305-629-3219 | D: +1-305-204-1126 | F: +1-321-988-0238 |
E: tamaniotis@equitylegal.net | A: 5201 Blue Lagoon Drive, Floor 8, Miami, FL 33126 | W: equitylegalfirm.com

CONFIDENTIALITY NOTICE: THIS EMAIL, INCLUDING ATTACHMENTS HERETO, IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 18 U.S.C., SECTIONS 2510-2521, AND IS LEGALLY PRIVILEGED. THIS ELECTRONIC MESSAGE IS INTENDED TO BE REVIEWED ONLY BY THE INDIVIDUAL OR ORGANIZATION NAMED ABOVE. UNAUTHORIZED REVIEW, USE, DISCLOSURE OR DISTRIBUTION IS STRICTLY PROHIBITED. THIS EMAIL MAY ALSO BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR THE ATTORNEY WORK PRODUCT PRIVILEGE OR BE OTHERWISE CONFIDENTIAL. ANY DISSEMINATION, COPYING OR USE OF THIS EMAIL BY OR TO ANYONE OTHER THAN THE DESIGNATED AND INTENDED RECIPIENT(S) IS UNAUTHORIZED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM IMMEDIATELY AND NOTIFY OUR OFFICE IMMEDIATELY. THANK YOU.

[Quoted text hidden]

---

**Rita Peters** <[redacted]
To: Thomas Maniotis <tamaniotis@equitylegal.net>
Cc: Joseph McBride <jmcbride@mcbridelawnyc.com>, Pamela Warren Calvert <pcalvert@equitylegal.net>, James Waczewski <[redacted] John Bajger <John.B

Thank you for this.  I will make notes internally and let our civil attorneys know to hold off on the motion.

As soon as I have some direction I will contact you.

Have a great weekend.

Pamela Warren Calvert <pcalvert@equitylegal.net>

# Tristan Tate, et.al. v. Jane Doe, et.al.

10 messages

**James Waczewski** [redacted] Mon, May 5, 2025 at 10:39 PM
To: "tamaniotis@equitylegal.net" <tamaniotis@equitylegal.net>, Alisha Robinson [redacted]
Emily Witthoeft [redacted], Kathleen Savor [redacted]
"pcalvert@equitylegal.net" <pcalvert@equitylegal.net>

Dear Thomas,

I have reviewed your letter and the attachments and will make a few changes to the motion. I will re-circulate the motion once it's done. Thank you for the detailed comments.

Best regards,
James

Get Outlook for iOS

---

**James Waczewski** [redacted]m> Mon, May 5, 2025 at 11:52 PM
To: "tamaniotis@equitylegal.net" <tamaniotis@equitylegal.net>, Alisha Robinson [redacted],
Emily Witthoeft [redacted], Kathleen Savor [redacted]
"pcalvert@equitylegal.net" <pcalvert@equitylegal.net>

Dear Thomas,

The Order - your Exhibit A - is from June of 2024. The transcript where there are discussions about the counter-claim, the no-gag-order comment, etc., is from a hearing in February of 2025. Could you please send me a copy of the order that was entered after that hearing?
James

Get Outlook for iOS

---

**From:** James Waczewski
**Sent:** Monday, May 5, 2025 10:39:07 PM
**To:** tamaniotis@equitylegal.net <tamaniotis@equitylegal.net>; Alisha Robinson [redacted]>; Emily Witthoeft [redacted]>; Kathleen Savor [redacted]; pcalvert@equitylegal.net <pcalvert@equitylegal.net>
**Subject:** Tristan Tate, et.al. v. Jane Doe, et.al.

[Quoted text hidden]

---

**Thomas Maniotis** <tamaniotis@equitylegal.net> Tue, May 6, 2025 at 12:48 AM
To: James Waczewski [redacted]
Cc: Alisha Robinson [redacted], Emily Witthoeft [redacted],
Kathleen Savor [redacted], "pcalvert@equitylegal.net" <pcalvert@equitylegal.net>

Good evening,

I will take a look at the February 2025 order after hearings in the morning and send if not confidential. My recollection is that it is publicly available on the docket and there was very minimal language in that order itself.

Sincerely,

Thomas Maniotis

EQUITY LEGAL
Thomas Maniotis, Esq.
Managing Attorney
P: +1-305-629-3219 | D: +1-305-204-1126 | F: +1-321-988-0238 |
E: tamaniotis@equitylegal.net | A: 5201 Blue Lagoon Drive,
Floor 8, Miami, FL 33126 | W: equitylegalfirm.com

CONFIDENTIALITY NOTICE: THIS EMAIL, INCLUDING ATTACHMENTS HERETO, IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 18 U.S.C., SECTIONS 2510-2521, AND IS LEGALLY PRIVILEGED. THIS ELECTRONIC MESSAGE IS INTENDED TO BE REVIEWED ONLY BY THE INDIVIDUAL OR ORGANIZATION NAMED ABOVE. UNAUTHORIZED REVIEW, USE, DISCLOSURE OR DISTRIBUTION IS STRICTLY PROHIBITED. THIS EMAIL MAY ALSO BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE OR THE ATTORNEY WORK PRODUCT PRIVILEGE OR BE OTHERWISE CONFIDENTIAL. ANY DISSEMINATION, COPYING OR USE OF THIS EMAIL BY OR TO ANYONE OTHER THAN THE DESIGNATED AND INTENDED RECIPIENT(S) IS UNAUTHORIZED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM IMMEDIATELY AND NOTIFY OUR OFFICE IMMEDIATELY. THANK YOU.

[Quoted text hidden]

---

**James Waczewski** [redacted] Tue, May 6, 2025 at 1:23 AM
To: Thomas Maniotis <tamaniotis@equitylegal.net>
Cc: Alisha Robinson [redacted]>, Emily Witthoeft [redacted]
Kathleen Savor [redacted] "pcalvert@equitylegal.net" <pcalvert@equitylegal.net>

Ok thanks. One additional question- there seems to be consensus that the Attorney General has the right to intervene, but you all expressed objection to some of the motions the AG plans to file. Would you all be amenable to submitting a proposed order to the Court allowing intervention, but preserving the parties' specific objections to any motion filed by the AG? I would also like to go ahead and prepare an agreed motion allowing the AG, Statewide Prosecutors, and FDLE, access to the records - a motion partially unsealing the records only for distribution to the above - keeping the records otherwise confidential. If so, we can draft and send for your (and Defendants's counsel) review. Please advise!
Thanks,
James

Get Outlook for iOS

---

**From:** Thomas Maniotis <tamaniotis@equitylegal.net>
**Sent:** Tuesday, May 6, 2025 12:48:12 AM
**To:** James Waczewski [redacted]
**Cc:** Alisha Robinson [redacted]>; Emily Witthoeft [redacted] Kathleen Savor <[redacted]; pcalvert@equitylegal.net <pcalvert@equitylegal.net>
**Subject:** Re: Tristan Tate, et.al. v. Jane Doe, et.al.

[Quoted text hidden]

---

**Thomas Maniotis** [redacted] Tue, May 6, 2025 at 1:52 PM
To: James Waczewski <James.Waczewski@myfloridalegal.com>
Cc: Alisha Robinson [redacted]>, Emily Witthoeft [redacted]
Kathleen Savor [redacted]>, pcalvert@equitylegal.net

Good afternoon James,

Please see attached order for the February 2025 hearing related to the portion of the hearing transcript that was sent previously. This is publicly available on the docket. The other docket entries referenced in the order were sealed at the request of Defendants and can be confirmed by an email exchange. With regard to any agreements, we would need to see the proposed motions and proposed orders before we go ahead and make any sort of decision on those aspects. You had indicated that you were making revisions to the original Motion to Intervene and would circulate. I will review that when it is circulated and would like to use that as a starting point, but I also need some time to discuss with co-counsel about any agreements that we might make.

Sincerely,

Thomas Maniotis

[Quoted text hidden]
--
[Quoted text hidden]

---

**220 Order Granting Emergency Motion To Seal JDs Counterclaim ( De 193) 2-28-2025;.pdf**
47K

---

**James Waczewski** <[redacted] Tue, May 6, 2025 at 2:39 PM
To: Thomas Maniotis <tamaniotis@equitylegal.net>
Cc: Alisha Robinson <[redacted] Emily Witthoeft <[redacted]
Kathleen Savor [redacted] "pcalvert@equitylegal.net" <pcalvert@equitylegal.net>

Thanks Thomas - I just started a vacation so Emily will follow up. James

Get Outlook for iOS

---

**From:** Thomas Maniotis <tamaniotis@equitylegal.net>
**Sent:** Tuesday, May 6, 2025 1:52:14 PM
**To:** James Waczewski [redacted]
**Cc:** Alisha Robinson [redacted]; Emily Witthoeft [redacted]; Kathleen Savor [redacted]; pcalvert@equitylegal.net <pcalvert@equitylegal.net>
**Subject:** Re: Tristan Tate, et.al. v. Jane Doe, et.al.

[Quoted text hidden]

---

**Thomas Maniotis** <tamaniotis@equitylegal.net> Tue, May 6, 2025 at 4:56 PM
To: James Waczewski [redacted]
Cc: Alisha Robinson [redacted]>, Emily Witthoeft [redacted],
Kathleen Savor [redacted] pcalvert@equitylegal.net

Good afternoon,

James, have a nice vacation and I will keep an eye out for Ms. Witthoeft's email. Thank you.

Sincerely,

Thomas Maniotis
[Quoted text hidden]

---

**Emily Witthoeft** [redacted] Tue, May 6, 2025 at 6:26 PM
To: Thomas Maniotis <tamaniotis@equitylegal.net>, "pcalvert@equitylegal.net" <pcalvert@equitylegal.net>
Cc: Kathleen Savor [redacted], James Waczewski [redacted]

Good evening, Thomas:

Thank you for your prompt responses and providing the records we requested.

Gmail Joseph McBride <jmcbride@mcbridelawnyc.com>

## Investigation

6 messages

**Rita Peters** [redacted]> Thu, Oct 16, 2025 at 4:11 PM
To: "jmcbride@mcbridelawnyc.com" <jmcbride@mcbridelawnyc.com>

Good afternoon,

I apologize for not being able to get back to you. I have had hearings and now trial. I still have several subpoenas outstanding. I cannot close an investigation until my fact finding is completed. I will advise you as soon as that occurs. I appreciate you being patient with law enforcement and the State. We do not wish to delay discovery in your civil case for both parties.

Rita Pavan Peters

Special Counsel

Statewide Prosecution - Tampa

Office of the Attorney General

Office of Statewide Prosecution

3507 E. Frontage Rd, Suite 200

Concourse Center 4

Tampa, Florida 33607

813-287-7960

**Joseph McBride** <jmcbride@mcbridelawnyc.com> Thu, Oct 16, 2025 at 4:55 PM
To: Rita Peters <[redacted]

Hi Ms. Peters,

I am a little confused, because when we spoke on September 25th, you mentioned that the investigation was not proceeding. As such, i asked for a declination letter. You mentioned that you needed to inform opposing counsel and then get the new boss to greenlight the letter, but needed a little time since he was just sworn in.

Has something changed?

Sent from my iPhone

> On Oct 16, 2025, at 4:11 PM, Rita Peters [redacted] wrote:

Good afternoon,

I apologize for not being able to get back to you. I have had hearings and now trial. I still have several subpoenas outstanding. I cannot close an investigation until my fact finding is completed. I will advise you as soon as that occurs. I appreciate you being patient with law enforcement and the State. We do not wish to delay discovery in your civil case for both parties.

<image001.png>

<image002.gif>


Rita Pavan Peters

Special Counsel

Statewide Prosecution - Tampa

Office of the Attorney General

Office of Statewide Prosecution

3507 E. Frontage Rd, Suite 200

Concourse Center 4

Tampa, Florida 33607

813-287-7960


---

**Rita Peters** [redacted] Thu, Oct 16, 2025 at 5:02 PM
To: Joseph McBride <jmcbride@mcbridelawnyc.com>

I said I was speaking with our statewide prosecutor, and if he advised no further investigation, that I would inform counsel and proceed with closing part. However, with that said, I still have a duty to ensure I have followed every piece of information we received, which law enforcement advised today they still have a few pending items. To date, we have not proceeded with charging anyone and have said we will not intervene. That is as much as I can commit given law enforcement's pending items.


Rita Pavan Peters


[Quoted text hidden]

[Quoted text hidden]

**Joseph McBride** <jmcbride@mcbridelawnyc.com> Thu, Oct 16, 2025 at 5:51 PM
To: Rita Peters [redacted], Thomas Maniotis <tamaniotis@equitylegal.net>

Ms. Peters,

Thank you for your response. Respectfully, I want to ensure the record reflects where things stand.

When we spoke on September 25, you confirmed that no charges would be pursued, that your office was not proceeding with any prosecution or intervention, and that you would issue a declination letter once the new Statewide Prosecutor was briefed. Based on that conversation, we informed the Court that the investigation was effectively closed.

We have now cooperated fully for more than six months, provided extensive documentary evidence, and deferred civil discovery out of respect for your process. It would be highly prejudicial to my clients if this matter remains in indefinite limbo.

Please confirm in writing that:

1. No criminal charges are being contemplated against Andrew or Tristan Tate;
2. The Office of Statewide Prosecution does not intend to intervene in the related civil matter; and
3. The only remaining step is internal administrative closure once law enforcement submits its final items.

If those points are accurate, we respectfully renew our request that a formal declination letter be issued as soon as practicable.

At this stage, it is critical that the record reflect the actual status of your investigation to avoid prejudice to my clients.

Respectfully,

**Joseph D. McBride**

[Quoted text hidden]

--
Joseph D. McBride, Esq.
THE MCBRIDE LAW FIRM, PLLC
305 Broadway
Suite 700
New York, NY 10007
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com
w: www.mcbridelawnyc.com

**Rita Peters** [redacted] Fri, Oct 17, 2025 at 2:53 PM
To: Joseph McBride <jmcbride@mcbridelawnyc.com>, Thomas Maniotis <tamaniotis@equitylegal.net>

I appreciate your email and understand the confusion. I also appreciate you and your clients being cooperative with us and providing us information to consider in this investigation.

I believe the misunderstanding may have occurred when I told you that I did not suspect that criminal charges were imminent and needed to make sure with the Statewide Prosecutor. Please understand that while I am afforded great latitude to do my job, I am cognizant that I serve the Statewide Prosecutor who is crucial in this process. He has been briefed and we both agree that we cannot close this matter as of now.

I did advise you to proceed as you must in your civil case, we did not want to stop that process from going forward for either party.

You advised me you wanted a declination letter, which I will provide if and when that is the final resolution.

As I previously mentioned to you, law enforcement advised me in the last few days of some additional pending matters they must review and present to me, and as such, I cannot close this matter. It is incumbent upon me to review all facts, *including exculpatory information*.

I cannot:

1. Confirm my final decision on charges until such time as the entirety of law enforcement's investigation is complete.
2. We do not intend at this time to intervene in your case and have told you same, twice.
3. I cannot speak to the internal procedure of the Florida Department of Law Enforcement. I can only confirm that their investigation is still a pending matter.

I understand your clients' desire to have this matter resolved rather than remain indefinite. But I can also assure you that your clients should want a prosecutor and special agent to do as through a review as possible and examine every angle or argument of a case. Criminal matters are monumental in a person's life, and we do not make a determination when there are pending matters with the agency. As we previously mentioned several months ago, I have no colored perception of what occurred, and quite honestly, was unfamiliar with your clients prior to this. I am simply looking at facts and applying the law. I can confirm that I will remain as forthright on this matter as is legally permissible.

I hope that clarifies our position.

Get Outlook for iOS

---

[Quoted text hidden]

---

**Joseph McBride** <jmcbride@mcbridelawnyc.com> Fri, Oct 17, 2025 at 3:45 PM
To: Rita Peters [redacted]>
Cc: Thomas Maniotis <tamaniotis@equitylegal.net>

Hi Ms. Peters,

I am on the road and don't have much time to respond.
Having said that, I wanted to take the time to thank you for your response.
Your honesty, consideration, and forthrightness are deeply appreciated.

Please let me know if we can help in any way.

All the best,
Joe McBride